Helen F. Dalton & Associates, PC
Helen F. Dalton (HD 3231)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

CV 07 2400

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 4 2007 ★

LONG ISLAND OFFICE

COGAN, J.
GO, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EUGENIO SUESCUN, on his own behalf and
others similarly situated.

                Plaintiff,

-against-

T.U.S.A. Inc., Furniture Palace Inc.,
Universal Varieties Inc., and
Nedal Tayeh, an individual,
                Defendants.
----------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

1. Plaintiff, EUGENIO SUESCUN (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, brings this action against T.U.S.A. INC., FURNITURE PALACE INC., UNIVERSAL VARIETIES INC., and NADAL TAYEH an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the T.U.S.A. INC., in Queens, New York.

3. Plaintiff, through undersigned counsel, brings this action against T.U.S.A. INC., FURNITURE PALACE INC., UNIVERSAL VARIETIES INC., and NADAL TAYEH an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and

1

overtime laws arising out of Plaintiff's employment at the FURNITURE PALACE INC., in Queens, New York.

4. Plaintiff, through undersigned counsel, brings this action against T.U.S.A. INC., FURNITURE PALACE INC., UNIVERSAL VARIETIES INC., and NADAL TAYEH an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the UNIVERSAL VARIETIES INC., in Queens, New York.

5. Plaintiff was employed by Defendants to work as a Driver at the T.U.S.A. Inc., from approximately October 20, 2004 until his employment was terminated on July 31, 2006. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of October of 2004 through July of 2006, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. Plaintiff was employed by Defendants to work as a Driver at the FURNITURE PALACE INC., from approximately October 20, 2004 until his employment was terminated on July 31, 2006. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of October of 2004 through July of 2006, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

7. Plaintiff was employed by Defendants to work as a Driver at the UNIVERSAL VARIETIES INC., from approximately October 20, 2004 until his employment was terminated on July 31, 2006. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of October of 2004 through July of 2006, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

8. Although Plaintiff was working at T.U.S.A. Inc., approximately the periods of October 20, 2004 until December 31, 2004; January 1, 2005 until December 31, 2005; and January 1, 2006 until July 31, 2006, Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00 and $6.75 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

9. Although Plaintiff was working at FURNITURE PALACE INC., approximately the periods of October 20, 2004 until December 31, 2004; January 1, 2005 until December 31, 2005; and January 1, 2006 until July 31, 2006, Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00 and $6.75 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

10. Although Plaintiff was working at UNIVERSAL VARIETIES INC., approximately the periods of October 20, 2004 until December 31, 2004; January 1, 2005 until December 31, 2005; and January 1, 2006 until July 31, 2006, Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00 and $6.75 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

11. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

16. Plaintiff, Eugenio Suescun, resides at 37-07 91st Street, Jackson Heights, New York 11372, in Queens County, New York and was employed by Defendants at T.U.S.A. INC., in Queens, New York from on or about October 20, 2004 until July 31, 2006.
17. Upon information and belief, Defendant, T.U.S.A. INC., is a corporation organized under the laws of New York with a principal executive office at 75-15 37th Avenue, Jackson Heights, New York, 11372
18. Upon information and belief, Defendant, T.U.S.A. INC., is a corporation authorized to do business under the laws of New York.
19. Plaintiff, Eugenio Suescun, resides at 37-07 91st Street, Jackson Heights, New York 11372, in Queens County, New York and was employed by Defendants at FURNITURE PALACE INC., in Queens, New York from on or about October 20, 2004 until July 31, 2006.
20. Upon information and belief, Defendants, FURNITURE PALACE INC., is a corporation organized under the laws of New York with a principal executive office at 75-15 37th Avenue, Jackson Heights, New York, 11372
21. Upon information and belief, Defendants, FURNITURE PALACE INC., is a corporation authorized to do business under the laws of New York.
22. Plaintiff, Eugenio Suescun, resides at 37-07 91st Street, Jackson Heights, New York 11372, in Queens County, New York and was employed by Defendants at UNIVERSAL VARIETIES INC., in Queens, New York from on or about October 20, 2004 until July 31, 2006.

23. Upon information and belief, Defendants, UNIVERSAL VARIETIES INC., is a corporation organized under the laws of New York with a principal executive office at 75-15 37th Avenue, Jackson Heights, New York, 11372

24. Upon information and belief, Defendants, UNIVERSAL VARIETIES INC., is a corporation authorized to do business under the laws of New York.

25. Upon information and belief, Defendant T.U.S.A. INC., owns and/or operates a store that does business under the name "T.U.S.A. INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

26. Upon information and belief, Defendant FURNITURE PALACE INC., owns and/or operates a store that does business under the name "FURNITURE PALACE INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

27. Upon information and belief, Defendant UNIVERSAL VARIETIES INC., owns and/or operates a store that does business under the name "UNIVERSAL VARIETIES INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

28. Upon information and belief, Defendant NADEL TAYEH, owns and/or operates a store that does business under the name "T.U.S.A. INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

29. Upon information and belief, Defendant NADEL TAYEH, owns and/or operates a store that does business under the name "FURNITURE PALACE INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

30. Upon information and belief, Defendant NADEL TAYEH, owns and/or operates a store that does business under the name "UNIVERSAL VARIETIES INC.," at 75-15 37TH Avenue, Jackson Heights, New York 11372.

31. Upon information and belief, Defendant NADEL TAYEH, is the Chairman of the Board of T.U.S.A. INC.,

32. Upon information and belief, Defendant NADEL TAYEH, is the Chairman of the Board of FURNITURE PALACE INC.,

33. Upon information and belief, Defendant NADEL TAYEH, is the Chairman of the Board of UNIVERSAL VARIETIES INC.,

34. Upon information and belief, Defendant NADEL TAYEH, is the Chief Executive Officer of T.U.S.A. INC.,
35. Upon information and belief, Defendant NADEL TAYEH, is the Chief Executive Officer of FURNITURE PALACE INC.,
36. Upon information and belief, Defendant NADEL TAYEH, is the Chief Executive Officer of UNIVERSAL VARIETIES INC.,
37. Upon information and belief, Defendant NADEL TAYEH, is an agent of T.U.S.A. INC.,
38. Upon information and belief, Defendant NADEL TAYEH, is an agent of FURNITURE PALACE INC.,
39. Upon information and belief, Defendant NADEL TAYEH, is an agent of UNIVERSAL VARIETIES INC.,
40. Upon information and belief, Defendant NADEL TAYEH, has power over all personnel decisions.
41. Upon information and belief, Defendant NADEL TAYEH, has power over all payroll decisions.
42. Defendant Nadel Tayeh has the power to hire and fire employees at the T.U.S.A. INC., establish and pay their wages, set their work schedule, and maintains their employment records.
43. Defendant Nadel Tayeh has the power to hire and fire employees at the FURNITURE PALACE INC., establish and pay their wages, set their work schedule, and maintains their employment records.
44. Defendant Nadel Tayeh has the power to hire and fire employees at the UNIVERSAL VARIETIES INC., establish and pay their wages, set their work schedule, and maintains their employment records.
45. During relevant times, Defendant NADEL TAYEH, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
46. Upon information and belief, T.U.S.A. INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has

6

had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

47. Upon information and belief, FURNITURE PALACE INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

48. Upon information and belief, UNIVERSAL VARIETIES INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

## STATEMENT OF FACTS

49. Plaintiff, Eugenio Suescun, was employed by Defendants at the T.U.S.A. INC., in Queens, New York, between approximately October 20, 2004 and July 31, 2006.

50. During his employment by Defendants at T.U.S.A. INC., Plaintiff's primary duties were, making deliveries, placing orders for the company for retail sale, assembling furniture and performing other miscellaneous duties as directed by supervisors and managers.

51. Plaintiff, Eugenio Suescun, was employed by Defendants at the FURNITURE PALACE INC., in Queens, New York, between approximately October 20, 2004 and July 31, 2006.

7

52. During his employment by Defendants at FURNITURE PALACE INC., Plaintiff's primary duties were, making deliveries, placing orders for the company for retail sale, assembling furniture and performing other miscellaneous duties as directed by supervisors and managers.

53. Plaintiff, Eugenio Suescun, was employed by Defendants at the UNIVERSAL VARIETIES INC., in Queens, New York, between approximately October 20, 2004 and July 31, 2006.

54. During his employment by Defendants at UNIVERSAL VARIETIES INC., Plaintiff's primary duties were, making deliveries, placing orders for the company for retail sale, assembling furniture and performing other miscellaneous duties as directed by supervisors and managers.

55. Defendants usually created work schedule, requiring Plaintiff to work well more than forty (40) hours per week.

56. Plaintiff, Eugenio Suescun, was employed by Defendants to work between approximately October 20, 2004 until his employment was terminated on July 31, 2006. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of October of 2004 through July of 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

57. In fact, the schedule created by Defendants required Plaintiffs to work approximately sixty (60) hours per week.

58. Despite the long hours that Plaintiff worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from October of 2004 until July of 2006.

59. At all relevant times, Plaintiff did not receive any tips or bonuses during his employment.

60. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour from October 1, 2004 until December 31, 2004; $6.00 per hour from January 1, 2005 until December 31, 2005; and $6.75 from January 1, 2006 until July 31, 2006.

8

61. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $5.15, $6.00, and $6.75 an hour.
62. To exacerbate the egregious violations committed by the Defendants, Defendants completely failed to pay any wages for the period of January 30, 2006 until July 10, 2006.
63. Defendants have willfully failed to pay Plaintiff minimum wages for his services and labor, and in so doing have willfully violated the requirements of New York State Minimum Wage laws.
64. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.
65. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.
66. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.
67. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the Laundromat as required by both NYLL and the FLSA.
68. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
69. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.
70. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

9

## FIRST CAUSE OF ACTION

## Minimum Wages Under The Fair Labor Standards Act

71. Plaintiff re-alleges and incorporated by reference all allegations in all preceding paragraphs.
72. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
73. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
74. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
75. Plaintiff worked approximately sixty (60) hours during the period of October of 2004 though July of 2006.
76. Defendants willfully failed to pay Plaintiff(s) his overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §206(a) and 29 U. S. C. § 207 (a)(1).
77. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.
78. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

## Minimum Wages Under New York Labor Law

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
81. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.
82. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §62.
83. Defendants also failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N. Y. C. R. R. 137-1.3.
84. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
86. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).
87. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
88. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
89. Defendants willfully failed to pay Plaintiff overtime wages for hours worked

11

in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

90. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiff.

91. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

92. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N. Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

93. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorney's fees, and costs of the action, pursuant to N. Y. Labor Law § 663(1).

94. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods and services for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

95. At all times relevant to this action, Defendants were engaged in commerce or the production of goods and services for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

96. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

98. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

99. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

   b. Awarding Plaintiff unpaid minimum wages and overtime wages;

   c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

   d. Awarding Plaintiff prejudgment and post-judgment interest;

   e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

   f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 7th day of June 2007.

*[signature]*
Helen F. Dalton, Esq. (HD 3231)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598